# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHN MARTIN SPAULDING,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00118 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN J. C. STREEVAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*John Martin Spaulding, Pro Se Petitioner; Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Respondent.*

John Martin Spaulding, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  Spaulding contends that the court should revisit his conviction and sentence based on post-conviction court decisions reinterpreting the statute under which he was convicted.  In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that such post-conviction changes to statutory interpretation do not provide grounds to challenge a conviction or sentence in a § 2241 petition.  Therefore, I will grant the respondent's Supplemental Motion to Dismiss Spaulding's § 2241 petition.

---

[1]  The record indicates that when Spaulding filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee County, located within this judicial district.

I. BACKGROUND.

In 2012, a grand jury in the United States District Court for the Middle District of Florida returned an Indictment charging Spaulding with numerous offenses related to a series of armed robberies in Jacksonville, Florida. He pleaded guilty to Counts Two, Three, Six, and Seven of the Indictment that charged him, respectively, with Robbery Affecting Commerce; Possessing, Brandishing, and Discharging a Firearm in Furtherance of a Crime of Violence; Attempted Robbery and Aiding and Abetting an Attempted Robbery Affecting Commerce; and a second count of Possessing, Brandishing, and Discharging a Firearm in Furtherance of a Crime of Violence. In September 2013, the court sentenced Spaulding to a total term of 456 months in prison, consisting of 36 months each as to Counts Two and Six to run concurrently; 120 months as to Count Three to run consecutively to Counts Two and Six; and 300 months as to Count Seven to run consecutively with counts Two, Three and Six. Thus, 420 months of Spaulding's sentence was attributable to two convictions for discharging a firearm in furtherance of Hobbs Act robbery or attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c).

Spaulding did not appeal. In 2016, 2021, and 2023, he filed motions under 28 U.S.C. § 2255, arguing that Hobbs Act robbery and attempted Hobbs Act robbery did not qualify as crimes of violence for purposes of § 924(c). All of these motions were denied or dismissed as successive.

Spaulding filed his § 2241 petition in March 2022. He repeats his argument that his convictions and sentences under § 924(c) should be vacated because Hobbs Act robbery and attempted Hobbs Act robbery do not qualify as crimes of violence under § 924(c). The respondent filed a Motion to Dismiss. Thereafter, the court stayed the case pending the Supreme Court's decision in *Jones v. Hendrix,* 599 U.S. 465 (2023). Once the Supreme Court issued its decision, the respondent filed a Supplemental Motion to Dismiss, and Spaulding responded, making the motion as supplemented ripe for consideration.

## II. DISCUSSION.

"[T]he procedures set forth in § 2255 are the appropriate vehicle for a defendant's challenge to his federal conviction and/or sentence." *United States v. Ferguson*, 55 F.4th 262, 271 (4th Cir. 2022). Section 2255(h) requires that a "second or successive" § 2255 motion be certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of

statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Hendrix,* 599 U.S. at 469-70.  And without pre-filing authorization from the court of appeals, a district court lacks jurisdiction to hear a successive § 2255 motion.  *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

Section 2255(e), known as the saving clause, permits a defendant to file a habeas corpus petition under 28 U.S.C. § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention."  In the *Hendrix* case, the Supreme Court addressed the question of whether the "limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed" under § 2241 with a claim based on favorable, post-conviction statutory interpretation.  599 U.S. at 470.  The Court held that it does not. *Id.*  Specifically, the Court held that "the saving clause does not authorize . . . an end-run around," the "two — and only two — conditions in which a second or successive § 2255 may proceed" as described in § 2255(h).  *Id.* at 477.  Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  *Id.* at 478. The Court expressly held that "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a

habeas petition under the saving clause.  It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.* at 480.

In the instant § 2241 petition, Spaulding seeks to challenge the validity of his § 924(c) convictions and sentences based on post-conviction reinterpretations of the statute under which he was convicted, 18 U.S.C. § 924(c).  The proper avenue by which to pursue these claims is a § 2255 motion, and Spaulding's past attempts have been unsuccessful.  The mere fact that his present statutory interpretation claims do not satisfy either of the requirements under § 2255(h) for filing a second or successive § 2255 motion does not make § 2255 "inadequate or ineffective" such that he may proceed with those claims under § 2241 instead.  *Hendrix*, 599 U.S. at 480.  Nor does Spaulding identify any "unusual circumstances" that make it "impossible or impracticable for [him] to seek relief from the sentencing court." *Id.* at 474.  Spaulding also raises various arguments and constitutional challenges in support of his claims, all of which the Supreme Court rejected in *Hendrix*.  *Id.* at 480–92.  Consequently, I lack jurisdiction over Spaulding's § 2241 petition.  *Joy*, 585 F. App'x at 34.

### III.  Conclusion.

For the reasons stated herein, I will grant the respondent's Supplemental Motion to Dismiss and dismiss the § 2241 Petition for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED:   January 9, 2024

/s/  JAMES P. JONES

Senior United States District Judge